UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ | ) |
| The United States of America    , | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) |
| | ) |
| City of Boston et al              , | ) |
| | ) |
| Defendant(s). | ) |
| _____ | ) |

Civil Action No. 1:25-12456 -LTS

ORDER REQUIRING COMPLIANCE WITH GENERAL PRACTICES OF THIS SESSION

10/16/2025

SOROKIN, D.J.

      To simplify procedures and minimize expense, the Court has adopted the following general practices governing all civil cases in this session unless, upon motion for good cause shown or sua sponte, the Court orders otherwise.

1. Junior attorneys: Counsel shall review the Court's Standing Order Regarding Courtroom Opportunities for Relatively Inexperienced Attorneys, which encourages the participation of junior associates and other less experienced lawyers in all court proceedings (including, in particular, the attorney who wrote the substantial majority of the papers giving rise to the relevant proceeding).[*]

2. Reply briefs: As to any motion, the moving party may submit a reply brief, as of right. Replies shall be limited to five pages in length and are due one week after the filing of the opposition.  A motion for leave is required to file a longer reply or to obtain a longer period to reply.

3. Summary judgment: Counsel shall review the Court's Standing Order Regarding Briefing of Summary Judgment Motions, which, inter alia, specifies the order and timing of cross-motions and requires the submission of one combined statement of material undisputed facts.

4. Dispositive motions: Absent unusual circumstances leading the Court to order otherwise, each party is permitted to litigate only one pretrial dispositive motion after any Rule 12(b)

_____

[*] All of this Session's Standing Orders, including those referenced herein and one pertaining to protective orders in complex matters, are available on the Court's website at http://www.mad.uscourts.gov/boston/sorokin.htm, under the heading "Chambers Procedures/Standing Orders/Sample Orders."

and (c) motions are resolved.  For example, if a party makes an early motion for summary judgment (even if it seeks only partial summary judgment) while discovery is ongoing, and if the Court resolves the motion on its merits, that party will not be permitted to file a second motion for summary judgment at the conclusion of discovery unless the Court has expressly ruled that such a motion is permissible in the case.  This practice does not prevent any party from seeking judgment as a matter of law during or after the presentation of evidence at trial.

5. <u>Courtesy copies</u>: Counsel shall review the Court's Standing Order Re: Courtesy Copies, which requires the submission of one paper courtesy copy of any memorandum which, including supporting documents/exhibits, exceeds 100 pages in length.

6. <u>Local Rules</u>: Counsel shall review and adhere to all relevant Local Rules, including L.R. 5.1(a) (governing form of papers and requiring, inter alia, double spacing), L.R. 7.1 (governing motion practice and, inter alia, requiring conferral in good faith before filing any motion and limiting memoranda to twenty pages), and L.R. 37.1 (governing discovery disputes and requiring, inter alia, conferral in good faith before filing any discovery motion).

7. <u>ECF Citations</u>: When citing to documents filed on the Court's electronic docket in a case (e.g., the complaint, another party's memorandum, or an exhibit to a prior submission), parties shall use the citation format "Doc. No. ___ at ___" in order to ensure that such citations are recognized by ECF's Citation Links feature.  This citation convention shall be used instead of citation formats that use the title of the cited document (e.g., the Bluebook format for citing Court and Litigation Documents).

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge