UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF BOSTON; MICHELLE WU, Mayor of the City of Boston, in her Official Capacity; BOSTON POLICE DEPARTMENT; MICHAEL A. COX, Police Commissioner, in his Official Capacity<br><br>Defendants. | Civil Action No. 1:25-12456-LTS |

**CONSENTED-TO MOTION OF THE AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS; BRAZILIAN WOMEN'S GROUP; CAPE COD COALITION FOR SAFE COMMUNITIES; DIGNIDAD; DOMINICAN DEVELOPMENT CENTER, INC.; EAST BOSTON COMMUNITY COUNCIL; GREATER BOSTON LEGAL SERVICES; HAITIAN AMERICAN NEW VISION OF WALTHAM; HAITIAN AMERICANS UNITED; IMMIGRANT SUPPORT ALLIANCE; INTERNATIONAL INSTITUTE OF NEW ENGLAND; JANE DOE INC.; MASSACHUSETTS IMMIGRANT AND REFUGEE ADVOCACY COALITION; MASSACHUSETTS LAW REFORM INSTITUTE; SISTERS OF ST. JOSEPH OF BOSTON; STUDENT CLINIC FOR IMMIGRANT JUSTICE; AND THE WATERTOWN CITIZENS FOR PEACE, JUSTICE & THE ENVIRONMENT FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE***

1. Proposed amici curiae, the American Civil Liberties Union of Massachusetts ("ACLUM"), Brazilian Women's Group, Cape Cod Coalition for Safe Communities, Dignidad, Dominican Development Center, Inc., the East Boston Community Council, Greater Boston Legal Services, Haitian American New Vision of Waltham, Haitian Americans United, Immigrant Support Alliance, International Institute of New England, Jane Doe Inc., Massachusetts Immigrant and Refugee Advocacy Coalition, Massachusetts Law Reform Institute, Sisters of St. Joseph of Boston, Student Clinic for Immigrant Justice, and the Watertown Citizens for Peace, Justice, & the Environment (collectively, "proposed amici"),

1

respectfully request leave of this Court to file the attached brief amici curiae. As grounds for its motion, proposed amici state as follows:

2.      Federal district courts "have inherent authority and discretion to appoint amici." *Boston Gas Co. v. Century Indem. Co.*, No. 02-12062-RWZ, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006); *see also Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 807 F.3d 472, 477-78 (1st Cir. 2015); *Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 568 (1st Cir. 1999).

3.      "The role of an amicus curiae . . . is to assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015) (citations omitted), *aff'd*, 807 F.3d 472 (1st Cir. 2015); *see also Massachusetts Food Ass'n*, 197 F.3d at 567 ("[A] court is usually delighted to hear additional arguments from able amici that will help the court toward right answers . . . .").

4.      This Court has previously permitted participation by amici. *See, e.g., A Woman's Concern, Inc. v. Healy*, No. 1:24-cv-12131-LTS, ECF No. 52 (D. Mass. January 24, 2025) (granting leave to file amicus brief); *United States v. Joseph*, No. 1:19-cr-10141-LTS, ECF No. 78 (D. Mass. Sept. 16, 2019) (granting leave to file amicus briefs).

5.      Participation of an amicus curiae is appropriate at the district court level even where "the case is already well represented" if "the amicus has a special interest that justifies [its] having a say." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).

6.      Under this standard, on numerous occasions ACLUM has been granted leave to file an amicus curiae brief in the United States District Court for the District of Massachusetts. *See,*

*e.g.*, *Oliveira et al v. Edlow et al*, 1:25-cv-13228-BEM, ECF No. 14 (D. Mass. November 11, 2025) (granting ACLUM's request for leave to file amicus brief); *Kennedy v. Commonwealth of Massachusetts*, 4:22-cv-11152-MRG, ECF No. 57 (D. Mass. Nov. 4, 2022) (same); *Massachusetts v. Dep't of Health & Human Servs.*, 1:17-cv-11930-NMG, ECF No. 39 (D. Mass. Dec. 12, 2017) (granting request of ACLUM and others for leave to file amicus brief); *United States v. Joyce*, 1:17-cr-10378-NMG, ECF No. 78 (D. Mass Apr. 18, 2018) (same).

7. Here, proposed amici are well-positioned to further assist the Court's analysis of the pending motion to dismiss. For example, ACLUM is a statewide nonprofit membership organization dedicated to protecting the civil rights and civil liberties of all residents of Massachusetts, including the rights of immigrants to participate as full, equal members of society. This has involved years of advocacy regarding the Boston Trust Act, at issue in this case. For the past 11 years, ACLUM has taken an active role in advocating to first pass, and then strengthen, the Boston Trust Act, providing both written and oral testimony three times alongside other signatories to this brief. ACLUM and the American Civil Liberties Union Foundation of Massachusetts also have a long history of vigorously defending immigrants' rights through amicus curiae briefs and direct representation before this court. *See*, *e.g.*, *Guerrero Orellana v. Moniz*, 1:25-cv-12664 (direct representation); *Ozturk v. Hyde*, 1:25-cv-12334 (direct representation); *Doe v. Moniz*, 1:25-cv-12094 (direct representation).

8. Similarly, the Massachusetts Immigrant and Refugee Advocacy Coalition (MIRA) is the Commonwealth's largest organization dedicated to advancing the rights and integration of immigrants and refugees. Founded in 1987 in the wake of the Immigration Reform and Control Act, MIRA has spent nearly four decades promoting full civic, social, and economic participation for foreign-born residents through statewide organizing, policy advocacy, and

community partnerships. MIRA has played a leading role in securing critical state and federal protections and has been a driving force behind major public-safety and trust-building policies in Massachusetts, including early advocacy for the Boston Trust Act and years of statewide leadership on the Safe Communities Act. Through its direct work with service providers, advocates, and thousands of immigrant families, MIRA has seen firsthand that trust between immigrant communities and local law enforcement is essential for public safety and equal access to education, employment, and health care. The Boston Trust Act is a vital safeguard that preserves this trust by ensuring that residents can seek help, report crimes, and participate in civic life without fear of unnecessary entanglement with federal immigration enforcement. For these reasons, and consistent with MIRA's long history of championing community trust and limiting harmful local-ICE collaboration, MIRA joins this amicus brief in support of the City of Boston and the lawfulness of the Trust Act.

9. Other proposed amici are similarly well situated to further assist the Court's analysis of the pending motion to dismiss. *See* Appendix to Ex. A.

10. Although the Local Rules do not provide any guidance regarding the length of an acceptable amicus curiae brief, ACLUM has used both the Federal Rules of Appellate Procedure (Fed. R. App. P. 29(a)(5) and 32(a)(7)(B)) and Local Rule 7.1(b)(4)—which limit amicus briefs to fewer than 20 pages and to fewer than 6,500 words—as a guide. Specifically, ACLUM has limited its memorandum to 15 pages and 3,086 words.

11. Both Plaintiff's and Defendants' counsel consent to this motion.

12. Plaintiff's response brief is not due until December 17, 2025 and Defendants' reply brief is not due until January 7, 2026. As a result, no party will be prejudiced if this motion is granted, and there will be no delay in the proceedings.

13.     No party's counsel authored the attached memorandum in whole or in part. No party or party's counsel, and no person other than proposed amici, its members, or its counsel, contributed money intended to fund preparing or submitting the attached memorandum.

WHEREFORE, proposed amici respectfully requests that this Court grant leave to file the attached memorandum.

Date: November 24, 2025              Respectfully submitted,

*/s/ Jessie J. Rossman*
Jessie J. Rossman (No. 670685)
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
617-482-3170
jsrossman@aclum.org

*Counsel for proposed amici curiae*

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that counsel for ACLUM have conferred with counsel for all parties in this matter in a good faith effort to narrow or resolve the relief requested by this motion. Defendants consent to this motion; Plaintiff consents to this motion.

November 24, 2025 /s/ *Jessie J. Rossman*
Jessie J. Rossman

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2025, a true copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent automatically to all counsel of record. I certify that a courtesy copy will also be served on all counsel of record via email.

November 24, 2025 /s/ *Jessie J. Rossman*
Jessie J. Rossman