**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br><br>       Plaintiff,<br><br>  v.<br><br><br>THE CITY OF BOSTON; MICHELLE WU, Mayor of the City of Boston, in her Official Capacity; BOSTON POLICE DEPARTMENT; MICHAEL A. COX, Police Commissioner, in his Official Capacity,<br><br><br>       Defendants. | No. 1:25-cv-12456-LTS |

**PLAINTIFF'S SUPPLEMENTAL BRIEFING ON STANDING**

**INTRODUCTION**

On September 4, 2025, Plaintiff, the United States of America, filed its Complaint against Defendant, City of Boston, for violations of the U.S. Constitution's Supremacy Clause. The United States argued the Boston Trust Act's required noncompliance with immigration detainers and information sharing were preempted by federal law and regulated the Federal Government. The City of Boston filed its Motion to Dismiss on November 17, 2025, which was fully briefed January 28, 2026. On March 18, 2026, this Court ordered supplemental briefing on the United States' standing to bring this suit. The Court ordered briefing to consider "in particular (1) Massachusetts law regarding detention based on civil immigration detainers, *Lunn v. Commonwealth*, 78 N.E.3d 1143 (Mass. 2017), and (2) the Boston Trust Act's information sharing savings clause, Bos., Mass., Mun. Code ch. 11 1.9(D)(3) (2019)." Order, ECF No. 59.

**THE UNITED STATES HAS STANDING TO CHALLENGE
THE BOSTON TRUST ACT.**

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The "irreducible constitutional minimum" of standing consists of three elements. *Lujan*, 504 U.S. at 560. A plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

At the dismissal stage, as here, general factual allegations of injury resulting from the defendant's conduct suffice, because the Court should "presume[] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Nat'l Wildlife Fed'n,* \497 U.S. 871, 889. Indeed, courts in this Circuit "accept as true all well-pleaded factual averments in the plaintiff's . . . complaint and indulge all reasonable inferences therefrom in [the plaintiff's]

1

favor." *Katz v. Pershing, LLC*, 672 F.3d 64, 70 (1st Cir. 2012) (quoting *Deniz v. Mun. of Guaynabo,* 285 F.3d 142, 144 (1st Cir. 2002)).

Here, the United States has plausibly alleged each element of standing with respect to the Trust Act's detainer and information sharing provisions. As alleged in the Complaint, those provisions of the Trust Act "reflect that City's intentional effort to obstruct the Federal Government's enforcement of federal immigration law and to impede consultation and communication between federal, state, and local law enforcement officials that is necessary for federal officials to carry out federal immigration law." Compl. ¶ 6, ECF No. 1.

## I.     The United States sufficiently pleaded an injury in fact.

To establish an injury in fact, the United States must show it suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical[.]" *Lujan,* 504 U.S. at 560 (citations omitted). "The United States has a legally protected interest in enforcing federal law." *United States v. Missouri*, 114 F.4th 980, 984-85 (8th Cir. 2024), *cert. denied,* 146 S. Ct. 90 (2025) (citing *United States v. Colo. Sup. Ct.*, 87 F.3d 1161, 1165 (10th Cir. 1996) and *Crow Indian Tribe v. United States*, 965 F.3d 662, 676 (9th Cir. 2020)). Indeed, under the Supremacy Clause, "the states are prohibited from passing any acts which shall be repugnant to a law of the United States." *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 361 (1819). While there is no explicit right of action under the Supremacy Clause, there is an equitable tradition of suits to enjoin unconstitutional actions by state actors for violations of the United States' sovereignty. *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326-27 (2015). The United States suffers sovereign harm when a state legislates in violation of federal law and the Supremacy Clause. *See, e.g.*, *United States v. Alabama*, 691 F.3d 1269, 1301 (11th Cir. 2012) ("The United States suffers injury when its valid laws in a domain of federal authority are undermined by impermissible state regulations."); *United States v. Oklahoma*, 739 F.

2

Supp. 3d 985, 1006 (W.D. Okla. 2024). The Federal Government has cognizable "sovereign interests," not only in its "power to create and enforce a legal code, both civil and criminal[,]" but also in "recognition [of that code] from other sovereigns[.]" *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 601 (1982); *Arizona v. United States*, 567 U.S. 387, 398 (2012) ("Federalism, central to the constitutional design, adopts the principle that both the National and State Governments have elements of sovereignty the other is bound to respect."). Plaintiff contends this sovereign harm can substitute as a traditional injury in fact for purposes of standing, but even if not, the United States has nonetheless demonstrated an injury in fact. *See generally Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000).

**A. The Trust Act's ban on immigration detainers presents an injury in fact.**

It is undisputed that the Boston Trust Act requires noncompliance with immigration detainers. Compl. ¶¶ 38-40, Exs. 3-10; *see* Mem. of Law in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mot. to Dismiss") at 3, ECF No. 15. The United States has therefore brought suit against the City of Boston to vindicate its sovereign interests stemming from violations of the Supremacy Clause and principles of intergovernmental immunity. Compl. ¶¶ 23-24, 44 (alleging the City of Boston failed to comply with mandatory immigration detainers under 8 U.S.C. §§ 1182(a)(2), 1226(c), (c)(3), 1227(a)(2), 1357(d)). In its Complaint, the United States plainly asserted injuries related to its obligation to enforce immigration laws, and those injuries are caused by the Boston Trust Act. *E.g.*, Compl. ¶ 6. Accordingly, as the Supreme Court has explained, "[i]t is beyond doubt" that a complaint "asserts an injury to the United States" if it alleges an "injury to [U.S.] sovereignty arising from violation of its laws." *Vt. Agency of Nat. Res. v. United States ex. rel. Stevens*, 529 U.S. 765, 771 (2000). Thus, here, "[t]he United States suffers injury when its valid laws in a domain of federal authority are undermined by impermissible state regulations."

3

*Alabama*, 691 F.3d at 1301; *accord, e.g.*, *La Unión del Pueblo Entero v. Abbott*, 604 F. Supp. 3d 512, 527 (W.D. Tex. 2022) ("When state governments enact laws that impugn the United States' sovereignty, a personal injury to the United States arises."); *see also id.* at 526 ("Undoubtedly, the United States suffers a concrete harm to its sovereignty when its laws are violated" by a state.).

To be sure, Boston disputes the Trust Act's unconstitutionality. Defs.' Mot. to Dismiss at 6-9. But whether the Trust Act violates the Supremacy Clause and intergovernmental immunity are merits questions, not jurisdictional ones, and those issues are not properly addressed at this phase of proceedings. The Eighth Circuit spoke persuasively on this issue.

> To say that the United States was injured by the withdrawal of state assistance "is not to say that [it] is entitled" to that assistance. *McDaniel v. Precythe*, 897 F.3d 946, 950 (8th Cir. 2018). A "plaintiff can have standing . . . even though the interest would not be protected by the law in that case." *In re Special Grand Jury 89-2*, 450 F.3d 1159, 1172 (10th Cir. 2006); *see Cottrell v. Alcon Lab'ys*, 874 F.3d 154, 164 (3d Cir. 2017). Interference with the federal government's interest in enforcing federal law is sufficient to establish that the Act's implementation injured the United States. Whether the United States is entitled to relief from that injury is a question on the merits of the dispute.

*Missouri*, 114 F.4th at 985. The Eighth Circuit is correct. The United States has plausibly alleged injury in fact sufficient to establish standing to challenge the Boston Trust Act. Thus, the Complaint withstands dismissal, and Defendants' merits arguments should be reached at a later stage.

**B. The Trust Act's ban on information sharing presents an injury in fact.**

The Boston Trust Act prohibits the Boston Police Department from sharing basic information about individuals in Boston's custody who may be subject to civil immigration proceedings. Compl. ¶ 6. Federal law prohibits states and localities from restricting any government official from sharing "information *regarding* the citizenship or immigration status, lawful or unlawful, of any individual." *Id*. ¶ 27 (emphasis added) (quoting 8 U.S.C. § 1373(a)).

The United States contends information "*regarding* citizenship or immigration status" necessarily must include information in addition to an alien's citizenship or immigration status, namely, those predicate facts necessary to determine one's citizenship or immigration status. Opp. to Defs.' Mot. to Dismiss at 11, ECF No. 53 (citing *Patel v. Garland*, 596 U.S. 328, 338-39 (2022) ("[T]he use of 'regarding' 'in a legal context generally has a broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject.'" (citation omitted))). Accordingly, the United States has plausibly alleged an injury in fact with respect to the Trust Act's prohibition on information sharing because it impedes the ability of immigration authorities to carry out their responsibilities under immigration law.

Boston disagrees, arguing Section 1373 only prohibits restrictions on sharing an individual's immigration status: whether an individual is lawfully or unlawfully present. Defs.' Mot. to Dismiss at 12. Defendant also resists the United States' preemption challenge by pointing to the Boston Trust Act's "savings clause." *Id*. at 12-13 (citation omitted). But, again, the proper construction of Section 1373 and whether the Boston Trust Act survives the instant preemption challenge because of its "savings clause" are merits questions, not jurisdictional ones. These issues are not properly addressed at this phase of proceedings. *See Missouri*, 114 F.4th at 985. In any event, Boston's fundamental disagreement with the United States regarding the proper construction of Section 1373 renders the Trust Act's "savings clause" illusory. Defs.' Mot. to Dismiss at 12 (citing Trust Act, § 1.9(D)(3)).

Accordingly, Boston continues to violate federal law, and this violation of federal law injures the United States. Thus, the Complaint withstands dismissal, and Defendants' merits arguments should be reached at a later stage.

**II.      The United States pleaded an injury fairly traceable to the Boston Trust Act.**

5

An injury is fairly traceable when there is "a causal connection between the injury and the conduct complained of . . . and not the result of the independent action from some third party not before the Court." *Lujan,* 504 U.S. at 560 (citation modified).

### A.    The Trust Act's ban on immigration detainers is fairly traceable to Boston.

Here, the causal link between the United States' sovereign injury and the Boston Trust Act's detainer policy is straightforward. The City of Boston enacted its Trust Act in 2014, Compl. Ex. 1, and since then, the Boston Police Department has refused to honor dozens of detainers "per the Boston Trust [Act]," according to the Boston Police Department's own reports, *id*. Exs. 7-10. That noncompliance violates federal law and, thus, injures Plaintiff. The Boston Police Department, as Defendant notes, "has no legal existence or liability to suit separate from the City of Boston." Defs.' Mot. to Dismiss at 20 (quoting *Douglas v. Boston Police Dep't*, No. C.A. 10-11049-WGY, 2010 WL 2719970, at *2 (D. Mass. July 1, 2010)). These facts are well pleaded and should be construed in the United States' favor. Accordingly, the United States' injury in fact is fairly traceable to Boston's enactment of the Trust Act.

### B.  The Trust Act's ban on information sharing is fairly traceable to Boston.

The same is true of the Boston Trust Act's explicit prohibition on the Boston Police Department's sharing information, such as release dates and times, with immigration authorities. Compl. ¶ 6. Boston does not disagree. Defs.' Mot. to Dismiss at 12. The Complaint, therefore, adequately alleges that Boston's noncompliance with federal information sharing requirements is because of the Boston Trust Act, violates federal law, and injures the United States. These facts are well pleaded and should be construed in the United States' favor. Accordingly, the United States' injury in fact is fairly traceable to Boston's enactment of the Trust Act.

### III.    The United States pleaded an injury that is redressable.

For an injury to be redressable, it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan,* 504 U.S. at 561. As the Supreme Court has explained, "[t]he second and third standing requirements—causation and redressability—are often 'flip sides of the same coin.'" *FDA v. All. for Hippocratic Med.*, 602 U. S. 367, 380 (2024) (citation omitted). Therefore, "[i]f a defendant's action causes an injury, enjoining the action or awarding damages for the action will typically redress that injury." *Id.* at 381. A party "need only show that a favorable ruling could potentially lessen its injury; it need not definitively demonstrate that a victory would completely remedy the harm." *Antilles Cement Corp. v. Fortuno*, 670 F.3d 310, 318 (1st Cir. 2012). Indeed, as the Supreme Court reaffirmed in *Massachusetts v. EPA*, if the injury can be redressed "to some extent," then a plaintiff has met the redressability prong for standing. 549 U.S. 497, 525–26 & n.23 (2007).

### A. This Court can redress Plaintiff's injury regarding immigration detainers.

Here, Boston's enforcement of the Trust Act requires the City's noncompliance with immigration detainers, and that noncompliance injures the United States because it violates federal law. *See McCulloch*, 17 U.S. (4 Wheat.) at 361. A permanent injunction prohibiting the City of Boston from enforcing its Trust Act clearly will redress that injury. Compl. at 16, ¶ 3.

In ordering supplemental briefing, this Court directed the parties to pay particular consideration to *Lunn v. Commonwealth*, 78 N.E.3d 1143 (Mass. 2017). There, the Massachusetts Supreme Judicial Court held that state law does not authorize officers to make arrests based on immigration detainers. *See id*. at 1146. The City of Boston also invokes that decision in support of its Rule 12(b)(6) motion. *See* Defs.' Mot. to Dismiss 2-3, 6 (citing *Lunn* 78 N.E.3d 1143). But it is the City of Boston's Trust Act that is the subject of this suit, and *Lunn* does not bar the United States from seeking redress from injuries caused by that Act. Indeed, the City of Boston

specifically attributes the Boston Trust Act—not *Lunn*—as the sole reason for refusing to honor immigration detainers. *E.g.*, Compl. Ex. 7 (noting that although "[t]wo civil immigration detainer requests were lodged with the BPD during calendar year 2021," they were "not acted upon per the Boston Trust Ordinance"). This Court should therefore reject any argument by the City of Boston that *Lunn* somehow precludes the United States' standing to enjoin the Boston Trust Act. Boston claims that "the Trust Act ensures that Boston complies with state law" and that it merely "implements [*Lunn*'s] holding with respect to [the] Boston Police Department . . . [to] ensur[e] that the City operates within the bounds of the law." Defs.' Mot. to Dismiss at 2-3. But the City of Boston passed the Boston Trust Act in 2014, predating *Lunn* by three years. And although the Boston Trust Act was amended in 2019, neither the Act's text nor its preambulatory language mentions *Lunn* at all. *See* Compl. Ex. 2 at 1. Plainly, *Lunn* has nothing to do with this case. Should this Court enjoin Boston's enforcement of its Trust Act and Boston still refuses to comply with federal immigration detainers based on *Lunn*, then the United States may bring a separate suit; however, an additional alleged basis for noncompliance with federal law does not immunize the Boston Trust Act.

Even if this Court were to consider *Lunn* in its redressability analysis here and assume Boston's continued noncompliance with detainers, the United States' injury would be partially redressable, which is sufficient for standing. *Antilles Cement Corp.*, 670 F.3d at 318. In other words, the Boston Trust Act's harms to the United States' sovereign interests would be "*reduced to some extent*" if it were enjoined because there would be at least one less restriction on Boston's noncooperation with immigration authorities. *Massachusetts*, 549 U.S. at 526 (emphasis added). Other courts, including in this Circuit, have found remedies that "would eliminate one major barrier [for relief] . . . even if barriers under other [authorities] might remain" to be a partial redress

of a plaintiff's injuries and sufficient for standing. *Doe v. Austin*, 755 F. Supp. 3d 51, 63-64 (D. Me., 2024) (citation omitted); *see Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153 (2010) (holding that plaintiffs had standing to challenge an injunction preventing them from planting a regulated crop, even though a decision vacating the injunction would enable plaintiffs only to petition for partial deregulation); *Weaver's Cove Energy, LLC v. R.I. Coastal Res. Mgmt. Council*, 589 F.3d 458, 467-69 (1st Cir. 2009) (plaintiff showed redressability where the remedy would eliminate one "barrier" to building a natural gas facility, even though the project's "ultimate approval" was not guaranteed). Accordingly, the United States' injury is, at least, partially redressable and therefore sufficient for standing.

**B.  This Court can redress Plaintiff's injury regarding information sharing.**

The same holds true for the City's noncompliance with federal information sharing requirements, namely, 8 U.S.C. § 1373. *See McCulloch*, 17 U.S. (4 Wheat.) at 361. To redress this injury, this Court can permanently enjoin the City of Boston from enforcing its Trust Act, including its information sharing restrictions, which would prevent further violations of federal law.[1] Accordingly, the United States' injury is redressable and sufficient for standing.

## CONCLUSION

The United States has standing to sue the City of Boston for violations of the U.S. Constitution's Supremacy Clause because federal law preempts the Boston Trust Act and the Act regulates the Federal Government. That noncompliance continuously violates federal law and is due to Boston's enactment of the Trust Act and its requirements. Ultimately, this Court can redress the United States' injuries by permanently enjoining the City of Boston's enforcement of its Trust Act.

---

[1] *Lunn* is not instructive here because it only addressed immigration detainers, not information sharing. *See Lunn*, 78 N.E.2d 1143.

9

Dated: April 1, 2026                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Civil Division, Federal Programs Branch

JACQUELINE COLEMAN SNEAD
Assistant Director
Civil Division, Federal Programs Branch

/s/ *Jordan A. Hulseberg*
JORDAN A. HULSEBERG
JAMES J. WEN
Trial Attorneys,
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 598-3856
E-mail: jordan.a.hulseberg2@usdoj.gov

*Counsel for Defendants*

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that, on April 1, 2026, this memorandum was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

<u>/s/ *Jordan A. Hulseberg*</u>

JORDAN A. HULSEBERG