# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF BOSTON; MICHELLE WU, Mayor of the City of Boston, in her Official Capacity; BOSTON POLICE DEPARTMENT; MICHAEL A. COX, Police Commissioner, in his Official Capacity,<br><br>Defendants. | No. 1:25-cv-12456-LTS |

## PLAINTIFF'S SUPPLEMENTAL REPLY BRIEF ON STANDING

**ARGUMENT**

**THE UNITED STATES HAS STANDING TO DEFEND ITS SOVEREIGN INTERESTS**

The United States has standing to bring this suit. To reiterate, the United States has suffered a concrete injury traceable to the Boston Trust Act because the ordinance interferes with and regulates against the Government's legally protected interest in enforcing federal law. *See United States v. Missouri*, 114 F.4th 980, 985 (8th Cir. 2024) ("Interference with the federal government's interest in enforcing federal law is sufficient to establish that the Act's implementation injured the United States."); *United States v. Illinois*, 796 F. Supp. 3d 494, 509 (N.D. Ill. 2025) ("The United States has alleged enough plausible facts to show that there is a real and imminent threat that it will be injured through the Sanctuary Policies' continued implementation. The challenged Policies explicitly prohibit state and local law enforcement from complying with detainers and administrative warrants, providing information about noncitizens, and granting federal immigration authorities access to detainees in state custody."); *see also Wyandotte Transp. Co. v. United States*, 389 U.S. 191, 201 (1967) ("[T]he United States may sue to protect its interests."). That injury is judicially redressable because invalidating those policies and enjoining their enforcement would prevent such interference. *See Illinois*, 796 F. Supp. 3d at 509. As the First Circuit has observed, "[t]he fact that civil immigration arrests are initiated by the sovereign to vindicate uniquely sovereign interests is crucial to our analysis," there can be no serious doubt here that the United States has standing to challenge the Boston Trust Act to vindicate its sovereign interests. *Ryan v. U.S. Immigr. & Customs Enf't*, 974 F.3d 9, 26 (1st Cir. 2020). The City of Boston

1

nonetheless insists that this Court dismiss this case—with prejudice—for lack of standing.[1] Those arguments are meritless.

### A.        The United States Has Sufficiently Pled Injury In Fact

Boston argues that state and city laws that violate federal law do not injure the United States. Def.'s Response to U.S. Supp. Briefing on Standing ("Def.'s Resp.") at 3, ECF No. 65. But that argument runs counter to the overwhelming weight of authority. *E.g.*, *Missouri*, 114 F.4th at 984-85 (citing *United States v. Colo. Sup. Ct.*, 87 F.3d 1161, 1165 (10th Cir. 1996) and *Crow Indian Tribe v. United States*, 965 F.3d 662, 676 (9th Cir. 2020)). "It is beyond doubt" that a complaint "asserts an injury to the United States" if it alleges an "injury to [U.S.] sovereignty arising from violation of its laws." *Vermont Agency of Nat. Res. v. United States ex. rel. Stevens*, 529 U.S. 765, 771 (2000). Indeed, this understanding of the United States' standing to bring suits against cities and states that enact laws contrary to those of the United States is a foundational principle of constitutional jurisprudence and inherent within the Supremacy Clause: "the states are prohibited from passing any acts which shall be repugnant to a law of the United States." *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 361 (1819); *see* U.S. Const. art. VI, c. 2; *United States v. Alabama*, 691 F.3d 1269, 1301 (11th Cir. 2012) ("The United States suffers injury when its valid laws in a domain of federal authority are undermined by impermissible state regulations."); *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 601 (1982).

Nonetheless, the United States alleged concrete and actual injuries resulting from Boston's noncompliance with federal law, which Boston dismisses with the unsubstantiated assertion that the United States did not allege "a single example of an instance in which the City did not detain

---

[1] "Dismissal with prejudice is appropriate where the defect in the claim is irremediable. . . and refiling could do nothing to cure the infirmity." *In re Fresenius Granuflo/Naturalyte Dialysate Products Liab. Litig.*, 76 F. Supp. 3d 279, 288 (D. Mass. 2015). Defendant does not make such a showing here.

an individual or provide information, resulting in an adverse impact on the federal government." Def.'s Resp. at 6. But the United States cited to the Boston Police Department's ("BPD") own reports indicating that the City did not comply with federal detainers and information sharing. Compl. ¶¶ 38-40, Exs. 4-10 (including seven BPD reports). And as Boston acknowledges, an injury in fact exists where "implementation of [an] Act impaired [a sovereign] interest in enforcing federal law, because state officials withdrew resources and manpower[.]" Def.'s Resp. at 4-5 (citing *Missouri*, 114 F.4th at 984). The United States alleges the same here: that Boston "was once a cooperative partner with ICE's immigration enforcement efforts," Compl. ¶ 38, but then withdrew its cooperation after the Boston Trust Act went into effect. This withdrawal increases the United States' operational costs to enforce federal immigration law. *See* Compl. ¶ 47. Accordingly, the United States has sufficiently alleged an injury in fact, *id*. ¶ 39-40.

B. **The United States Has Pled That Its Injury Is Fairly Traceable to the Boston Trust Act**

The causal link between the United States' sovereign injury and the Boston Trust Act's detainer policy is straightforward. The City of Boston enacted its Trust Act in 2014, Compl. Ex. 1, and since then, the BPD has refused to honor dozens of detainers "per the Boston Trust [Act]," according to its own reports. Compl. Exs. 7-10. Boston's noncompliance with immigration detainers violates federal law, injures Plaintiff and, thus, is fairly traceable to Boston. The same is true where the Boston Trust Act explicitly prohibits the BPD from sharing information, such as release dates and times, with immigration authorities. Compl. ¶ 6.

Boston does not dispute that its Trust Act requires noncompliance with federal law but instead asserts that compliance with detainers and information sharing is voluntary under the INA. Def.'s Resp. at 7. However, the validity of the City of Boston's construction of the INA provision in question speaks to the merits of this dispute, not the jurisdictional issue, and therefore is not

3

properly addressed at this phase of the proceedings. *See Missouri*, 114 F.4th at 985 ("Interference with the federal government's interest in enforcing federal law is sufficient to establish that the Act's implementation injured the United States. Whether the United States is entitled to relief from that injury is a question on the merits of the dispute."). Notably, Boston does not address this argument in its traceability discussion. *See* Def.'s Resp. at 7. Accordingly, the United States has established its injuries are fairly traceable to the Boston Trust Act.

### C. The United States Has Pled That Its Injury Is Redressable

Boston contends that "standing only lies if a court's relief changes something to the plaintiff's benefit[,]" and "[t]he relief the United States seeks here would change nothing." Def.'s Resp. at 11. It points to *Lunn v. Commonwealth*, a decision from the Massachusetts Supreme Judicial Court that it claims would bar full relief from the sovereign injuries asserted here because *Lunn* "would still prevent law enforcement officers from detaining individuals based solely on civil immigration detainers." *Id*. (citing 477 Mass. 517, 531-33 (2017)). But the United States' sovereign interest is in enforcing federal law, which the Boston Trust Act demonstrably frustrates. Contrary to the City of Boston's suggestion, the United States "need not show that a favorable decision will relieve [its] *every* injury." *See Massachusetts v. EPA*, 549 U.S. 497, 525 (2007) (quoting *Larson v. Valente*, 456 U.S. 228, 244 n.15 (1982)). While other state authorities might hamper "full redress," "the ability to effectuate a partial remedy"—by enjoining and declaring unlawful the Boston Trust Act, notwithstanding *Lunn*—"satisfies the redressability requirement." *Uzuegbunam v. Preczewski*, 592 U.S. 279, 291 (2021).

### CONCLUSION

For the forgoing reasons and those explained in the Federal Government's earlier filings, this Court should find the United States has standing to challenge the Boston Trust Act.

4

Dated: April 22, 2026                Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Civil Division, Federal Programs Branch

JACQUELINE COLEMAN SNEAD
Assistant Director
Civil Division, Federal Programs Branch

/s/ *Jordan A. Hulseberg*
JORDAN A. HULSEBERG
JAMES J. WEN
Trial Attorneys,
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 598-3856
E-mail: jordan.a.hulseberg2@usdoj.gov

*Counsel for Defendants*

## CERTIFICATION OF SERVICE

I hereby certify that, on April 22, 2026, this memorandum was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ *Jordan A. Hulseberg*

JORDAN A. HULSEBERG

6